UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. ALAND,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | Case No. 22-cv-01321-JSW<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO COMPEL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 30, 34 |

Now before the Court for consideration is the motion to stay filed by Federal Defendants and the motion to compel filed by Plaintiff Robert H. Aland ("Aland" or "Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds these matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearings scheduled for May 27, 2022. For the following reasons, the Court GRANTS the Federal Defendants' motion to stay and DENIES Plaintiff's motion to compel.

**BACKGROUND**

Aland filed this suit seeking review of the U.S. Fish and Wildlife Service's ("FWS") rule that removed ESA protection for gray wolves across much of the lower forty-eight states. *See* Endangered and Threatened Wildlife and Plants; Removing the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife, 85 Fed. Reg. 69,778 (Nov. 3, 2020) ("2020 Rule"). Aland alleges that the Service: (1) failed to meet a 12-month deadline to publish the 2020 Rule and (2) improperly considered political factors in promulgating the 2020 Rule. Plaintiff asks the Court to declare unlawful and vacate the 2020 Rule.

Although Aland's case presents some unique issues, his claims overlap with those litigated in three related cases—*Defs. of Wildlife v. U.S. Fish & Wildlife Service*, 4:21-cv-344-JSW,

*WildEarth Guardians v. Haaland*, 4:21-cv-349-JSW, and *Nat. Res. Def. Council v. U.S. Dep't of the Interior*, 4:21-cv-561-JSW (the "Related Cases"). In February 2022, this Court granted in part the plaintiffs' motions for summary judgment in the Related Cases and vacated the 2020 Rule. The Federal Defendants and intervenor-defendants in the Related Cases appealed this Court's Judgment in the Related Cases to the Ninth Circuit, and the appeals are pending. Aland also challenges the 2020 Rule, which is not currently in effect because of this Court's ruling in the Related Cases.

Aland notified FWS of his intent to file suit challenging the 2020 Rule in November 2020, and on October 27, 2021, he filed suit in the Northern District of Illinois. (Dkt. No. 1, Compl. ¶ 7.) The Northern District of Illinois transferred the case to this Court on February 15, 2022. (Dkt. No. 18.) On March 25, 2022, Plaintiff moved to compel production of the administrative record. (Dkt. No. 30.) On April 15, 2022, the Federal Defendants moved to stay this action pending resolution of the appeals in the Related Cases. (Dkt. No. 34.)

**ANALYSIS**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, "[t]he exertion of [the stay] power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The competing interests that a district court must weigh in exercising this discretion include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 265 (citing *Landis*, 299 U.S. at 254-55).

A district court "may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," but the separate proceeding need not be "controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "'[I]f there is even a fair possibility that the stay . . . will work

2

damage to some one [*sic*] else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 256). The movant has the burden of showing that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

First, the Court examines the possible damage to Plaintiff from granting a stay. Aland brings this lawsuit challenging the 2020 Rule and seeking its vacatur. However, the 2020 Rule is vacated and will remain so during appellate review of the Related Cases. Aland does not dispute this is the case. Although the rule he seeks to vacate is not currently in effect, Aland contends a stay will nevertheless prejudice him because postponing a decision in this action could potentially lead to a "time gap between the Ninth Circuit's decision and this Court's decision in this case during which time the slaughter of wolves likely would resume." (Opp'n at 3.) This argument is speculative and presupposes that the outcome of the appeal will reinstate the 2020 Rule. However, it is impossible to say what might happen on appeal. Plaintiff has not shown an urgent need to litigate this matter, and Plaintiff will not suffer harm if a stay is granted. The Court concludes the first factor weighs in favor of a stay.

Second, the Court examines the "hardship or inequity" the Federal Defendants may face in being required to go forward. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). However, there is more at stake here than the hardship of mounting a defense to the present claims. Litigating this case before a decision in the Related Cases would risk hardship and inequity on the Federal Defendants because the entire action could be rendered moot by the Ninth Circuit's decision. At the very least, if the Court proceeds without a stay, it may have to reconsider issues in this matter once the appeals are resolved. This case is in its early stages, and the Ninth Circuit's decision in the Related Cases will significantly impact this case. In light of these considerations and the risk of unnecessary proceedings and expenses if the case proceeds, the Court finds the second factor weighs in favor of a stay.

Finally, the third factor assesses whether a stay will promote the "orderly course of justice." *CMAX*, 300 F.2d at 268. The Federal Defendants argue that a stay in this action will

promote the orderly course of justice by simplifying the issues in this case. The Court agrees. The Ninth Circuit's rulings on appeal will inform resolution of Plaintiff's claims. If the Ninth Circuit affirms this Court's Judgment or the pending appeals are dismissed, Plaintiff's claims would be moot. *See Aland v. Salazar*, No. 1:08-cv-00024-EJL, 2012 WL 12985149, at *1 (D. Idaho Mar. 23, 2012) (dismissing case as moot where appellate court in other proceeding vacated the challenged delisting rule). Plaintiff contends that affirmance would not eliminate the need for further proceedings in this case his "unique issues" will need "to be resolved by this Court to give complete relief," but he does not explain what such relief would be. (Opp'n at 5.) Although the present case presents claims that are not expressly raised in the Related Cases, the Ninth Circuit's rulings will be relevant to the resolution of Plaintiff's claims. The Ninth Circuit will almost certainly address the nature and adequacy of FWS's decision, which will impact the Court's analysis of Plaintiff's political interference claim. Thus, the Court would expend unnecessary resources litigating Plaintiff's claims now when a binding decision from the Ninth Circuit could later require the Court to revisit its rulings. Because a stay is likely to simplify the issues in this case and prevent the parties and the Court from wasting resources, the third factor weighs in favor of a stay.

Accordingly, the Court GRANTS the motion to stay this case pending the Ninth Circuit's resolution of the Related Cases.

## CONCLUSION

The Court GRANTS the Federal Defendants' motion to stay this case and HEREBY STAYS this litigation pending resolution of the appeals in the Related Cases. The parties shall file a notice with this Court no later than ten (10) days after the Ninth Circuit's decision. In light of the stay, the Court DENIES Plaintiff's motion to compel the administrative record WITHOUT PREJUDICE to renewal once the stay is lifted.

**IT IS SO ORDERED.**

Dated: May 16, 2022

_____
JEFFREY S. WHITE
United States District Judge